UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERESA MATTHEWS and
MICHAEL MATTHEWS,

       Plaintiffs,                               CASE NO. 14-11232
                                                   HON. LAWRENCE P. ZATKOFF

v.

WELLS FARGO BANK, N.A., and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, c/k/a FANNIE MAE,

       Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on April 25, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

This matter is before the Court on Plaintiffs' Emergency Motion for Preliminary Injunction Staying Eviction Proceedings (Docket #8). Defendants have filed a response. The Court finds that the facts and legal arguments pertinent to the motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted by the parties, without this Court entertaining oral arguments. For the reasons that follow, Plaintiffs' motion is denied and their cause of action is dismissed.

**I. BACKGROUND**

On October 26, 2011, Plaintiffs filed an action against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), wherein Plaintiffs sought to stall and/or prevent the scheduled October 2011 mortgage foreclosure sale of certain real property located in Shelby Township, Michigan (the "Property"). *See* Case No. 11-14711 (the "2011 action"). On October 30, 2012, the Court granted

Wells Fargo's motion to dismiss Plaintiffs' 2011 action and dismissed that case, with prejudice. The Court concluded that Plaintiffs' claims that Wells Fargo: (a) wrongly failed to offer them a loan modification under the Home Affordable Modification Program ("HAMP"), and (b) violated M.C.L. § 600.3205, were not viable. Plaintiffs filed an appeal of the Court's ruling with the Sixth Circuit Court of Appeals. On September 6, 2013, the Sixth Circuit affirmed this Court's ruling.

The following events occurred during the pendency of the 2011 action before this Court (*i.e.*, between October 26, 2011 and October 30, 2012), but Plaintiffs did not bring any of those events to the attention of the Court prior to dismissal of the 2011 action:

(1) The Property was sold at a sheriff's sale, as evidenced by the Sheriff's Deed dated December 15, 2011 (recorded December 2, 2011);

(2) Wells Fargo quit-claimed the Property to Defendant Federal National Mortgage Association ("Fannie Mae") on December 21, 2011 (recorded February 23, 2012);

(3) The 6-month statutory redemption period expired on June 15, 2012;

(4) Fannie Mae filed an action for possession in the State of Michigan, 41-A District Court, on July 5, 2012, which action was adjourned pending completion of Plaintiffs' 2011 action in this Court and the Sixth Court's consideration of Plaintiffs' appeal of this Court's dismissal of the 2011 action;

(5) At some point prior to September 12, 2012, Plaintiffs filed a Request for Review Form seeking an Independent Foreclosure Review with respect to the Property in order to determine whether Plaintiffs "suffered financial injury as a result of errors or other problems during the foreclosure process" (Plaintiffs later were awarded $6,000 based on agreement between Wells Fargo and federal banking regulators–the Office of the Comptroller of the Currency and the Federal Reserve Board); and

(6) By letter dated October 8, 2012, Plaintiffs were notified by the Michigan Attorney General regarding a settlement with Wells Fargo that Plaintiffs were eligible to seek payment because of losing their "primary residence to foreclosure between January

1, 2008 and December 31, 2011."

Following the Sixth Circuit's ruling, the 41-A District Court action resumed.  Plaintiffs apparently did not raise any of the claims set forth in the current action before the 41-A District Court.  At a hearing on February 26, 2014, the 41-A District Court entered judgment in favor of Fannie Mae with respect to possession of the Property.  The 41-A District Court judgment provided that Fannie Mae could seek eviction of Plaintiffs after April 28, 2014.  Plaintiffs did not appeal the 41-A District Court's judgment.

Plaintiffs filed the current action on February 25, 2014 (*i.e.*, a day before the possession hearing in 41-A District Court), in Macomb County Circuit Court, and Defendants timely removed the current action to this Court.  Plaintiffs' Complaint in the current action includes two counts: (a) Count I - "Injunctive Relief as to Eviction Proceedings Pending;" and (b) Count II - "Michigan Wrongful Conduct Rule."

## II.  LEGAL STANDARD

A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

(1) Whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

(2) Whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

(3) Whether the issuance of a preliminary injunction would cause substantial harm to third parties; and

(4) Whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007); *Leary v. Daeschner*, 228 F.3d 729,

736 (6th Cir. 2000). The standard for preliminary injunction is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

### III. ANALYSIS

After a review of the parties' briefs and the exhibits to Plaintiffs' Complaint, the Court finds that Plaintiffs have not satisfied their burden to require this Court to grant Plaintiffs' request for preliminary injunctive relief. Moreover, for the reasons set forth below, Plaintiffs' cause of action is dismissed.

First, federal district courts lack jurisdiction to directly review the judgments of state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Courts have consistently applied the *Rooker-Feldman* doctrine to claims requesting review of a state court's eviction and foreclosure proceedings. *See, e.g.*, *Austin v. Countrywide Home Loans*, No. 08-15127, 2008 WL 4954617, at *1 (E.D. Mich. Nov. 18, 2008); *Berry v. Ocwen Loan Servs., LLC*, No. 08-13760, 2008 WL 4648123, at *2 (E.D. Mich. Oct. 21, 2008); *Jones v. Heartland Home Fin. Corp.*, No. 07-14398, 2008 WL 4561693, at *2 (E.D. Mich. Oct. 10, 2008). Plaintiffs fail to cite to the Court any legal authority that the Court has jurisdiction and may properly supersede the judgment of the 41-A District Court. As such, not only have Plaintiffs failed in their burden to show that there is a substantial likelihood that they would prevail on the merits, the Court also finds that it lacks jurisdiction to entertain Plaintiffs' current cause of action.

Second, the Court finds that Plaintiffs cannot prevail on the merits because Plaintiffs' current cause of action is barred by *res judicata*. *Res judicata* will apply if: (1) the prior action was decided on the merits; (2) the decree in the prior action was a final decision; (3) the matter contested in the second case was or could have been resolved in the first; and (4) both actions involved the same

parties or their privies. *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich.App. 1, 10 (2003). Michigan courts have broadly defined *res judicata* to bar litigation in the second action not only of those claims actually litigated in the first action, but also every claim arising out of the same transaction that the parties, exercising reasonable diligence, could have litigated but did not. *Sewell v. Clean Cut Mgt., Inc.*, 463 Mich. 569, 575 (2001); *Peterson*, 259 Mich.App. at 11. The test for determining whether two claims arise out of the same transaction or occurrence for *res judicata* purposes is whether the same facts or evidence are essential to the maintenance of the two actions. *Jones v. State Farm Mut. Ins. Co.*, 202 Mich.App. 393, 401 (1993).

The Court finds that all four *res judicata* factors are satisfied here. The first and second elements are satisfied as both the 2011 action and the 41-A District Court action were decided on the merits and a final judgment was entered in both actions. As the events set forth in Section I demonstrate, all of the facts that form the basis of Plaintiffs' claims in the current action (specifically, the events set forth in parts 5-6 of Section I) were facts known to Plaintiffs during the pendency of its 2011 action before this Court. As such facts were known at that time, Plaintiffs' failure to bring their current claims in the 2011 action, or to seek a stay of the 2011 action, or to file a motion to amend its complaint in the 2011 action, is solely attributable to Plaintiffs. Likewise, Plaintiffs had the ability to present to the 41-A District Court action all of the issues they has raised in the current action in this Court. Therefore, the third element is satisfied. Finally, the fourth element is satisfied because the same parties to the current action were involved in 2011 action and the 41-A District Court action (although Fannie Mae was not a party to the 2011 action, its privy–Wells Fargo–was).

Accordingly, and for the reasons set forth above, the Court concludes that: (a) Plaintiffs cannot demonstrate a substantial likelihood of success on the merits and, as such, granting their request for preliminary injunction is not warranted, and (b) Plaintiffs' cause of action must be dismissed.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiffs' Emergency Motion for Preliminary Injunction Staying Eviction Proceedings (Docket #8) is DENIED. IT IS FURTHER ORDERED that Plaintiffs' current cause of action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff<br>
LAWRENCE P. ZATKOFF<br>
UNITED STATES DISTRICT JUDGE

Dated: April 25, 2014